**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

MSP REAL ESTATE, INC.
and DEER CREEK HOMES,

           **Plaintiffs,**

  v.                                                            Case No. 11-C-281

CITY OF NEW BERLIN
and JACK F. CHIOVATERO,

           **Defendants.**

## DECISION AND ORDER

This federal civil rights lawsuit alleges violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12311, *et seq.*, arising from the alleged actions of the Defendants, the City of New Berlin ("New Berlin") and Jack F. Chiovatero ("Chiovatero"), in his official and individual capacities as mayor of New Berlin and as a member of its Common Council and its Plan Commission, to prevent the Plaintiff, MSP Real Estate, Inc. ("MSP") from developing and constructing 80 new multifamily housing units and 100 senior apartments on the MSP City Center site in New Berlin, Wisconsin. Subject matter jurisdiction over this matter is afforded by 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a)(1)(A).

The Plaintiffs assert that this action is urgent and must be afforded priority because it relates to a window of time by which the MSP must begin and complete construction at the City Center site. They maintain that they will lose critical funds if they do

not begin construction by August 2011, spend ten percent of the certain funds by October 2011, and complete the construction by December 31, 2012. They intend to file a injunction motion.

Four motions are pending in this action. Two motions are interrelated and will be addressed in this Decision and Order.

**Motion to Seal and Motion to Strike**

The Plaintiffs, MSP and Deer Creek Homes filed a motion for an order affording confidential treatment to the following six documents: (1) The Plaintiffs' expedited motion for an order declaring the privilege waived as to certain documents; (2) a memorandum of law in support of the Plaintiffs' expedited motion for an order declaring the privilege waived as to certain documents; (3) the declaration of Jacob Klein ("Klein") in support of the Plaintiffs' expedited motion for an order declaring the privilege waived as to certain documents; (4) the declaration of Jacob W. Nelson ("Nelson") and attached exhibits filed in support of the Plaintiffs' expedited motion for an order declaring the privilege waived as to certain documents; (5) the Plaintiffs' "Civil L.R. 7.4" expedited non-dispositive motion, filed under seal, for expedited review of the Plaintiffs' sealed motion seeking an order declaring the privilege waived as to certain documents; and (6) the declaration of Thomas L. Shriner, Jr. ("Shriner") in support of the Plaintiffs' Civil L. R. 7.4 expedited non-dispositive motion for expedited review of privilege waiver motion.

The Plaintiffs' motion to seal cites General Local Rule 79.4(d) and asserts that good cause exists for sealing the subject documents because they include and discuss

2

communications between the New Berlin City Attorney and various officials and employees of New Berlin that are likely protected by the attorney-client privilege.

In response, the Defendants filed a motion to strike the Plaintiffs' expedited non-dispositive motion asserting that the Plaintiffs' characterization of the motion as expedited is frivolous and should be stricken. They maintain the motion cites Local Rule 7.4, which is not the current rule regarding expedited non-dispositive motions, and does not comply with the limitations imposed by the rule for such motions.

While the Plaintiffs concede that they erroneously referred to Local Rule 7.4 instead of Civil Local Rule 7(h), they maintain that in all other respects they have complied with the requirements of the expedited non-dispositive motion rule.

In essence, the Defendants' motion to strike seeks sanctions in the form of striking the Plaintiffs' motion for the improper citations to the Local Rules and because the Defendants do not believe that expedited treatment is appropriate. General Local Rule 83(f) provides that:

> The Court may impose appropriate sanctions on any party or attorney who fails to comply with a Local Rule. The Local Rules are intended to be enforced primarily upon the Court's own initiative. A party should not file a motion seeking sanctions for alleged noncompliance with a Local Rule unless the alleged violation is egregious or unfairly prejudicial.

Although the Court will consider the Defendants' concerns in scheduling the proceedings on the motion to seal, the Defendants' motion to strike is denied.

In bringing their motion to seal, the Plaintiffs cite General Local Rule 79.4(d) – a rule that has not been in effect for over a year – and has been superceded by General Local Rule 79(d). The Comment to the amended local rule states:

> The motion to seal should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document. Counsel may, and in most circumstances should, submit a redacted version of the document, with a separate request to seal the portions containing confidential material.

*Comment to General Local Rule 79(d)* (E.D. Wis.).

The controlling case law of this Circuit emphasizes the Court's role in sealing documents that are filed. *See e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858-59 (7th Cir. 1994). The Court must have sufficient factual information to independently determine whether "good cause" exists for sealing a document that has been filed or a portion of a motion or brief setting forth the contents of that document. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). Any sealing order must make explicit that any party and any interested member of the public can challenge the secreting of particular documents. *Id*.

The Plaintiffs' motion states that, pending the Court's ruling, they seek confidential treatment of the six documents because they include and discuss communications that are likely to be protected by the attorney-client privilege. However, eight documents were sealed.

4

Two documents are an April 5, 2011, letter (Docket No. 4-1) and a certificate of service (Docket No.10). Neither the letter nor the certificate of service are mentioned in the motion to seal although they were sealed. They also do not contain an attorney-client information. Those documents must be unsealed.

The Plaintiffs' motion requests sealing of the Plaintiffs' motion for an order declaring the privilege waived as to certain documents (Docket No. 4), the expedited non-dispositive motion to seal (Docket No. 7), and the Shriner Declaration (Docket No. 8). Having reviewed the documents, the Court concludes that the Plaintiffs have not established good cause to seal those documents because they do not disclose any information that could be subject to the attorney-client privilege. Therefore, the Plaintiffs' motion to seal is denied as to Docket Nos. 4, 7, and 8. Those documents must be unsealed.

The remaining documents, the memorandum of law in support of the Plaintiffs' expedited motion for an order declaring the privilege waived as to certain documents; the Klein Declaration; and the Nelson Declaration and attached exhibits (Docket Nos. 5, 6, & 9), contain information that is arguably subject to the attorney-client privilege. However, not all those three documents contain material that is arguably subject to the attorney-client privilege. The Plaintiffs must file redacted versions of such documents that include all portions of the documents that do not contain purportedly confidential information. *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to strike (Docket No. 13) is **DENIED.**

The Plaintiffs' April 5, 2011, letter (Docket No. 4-1) and a certificate of service (Docket No.10) are **UNSEALED**.

The Plaintiffs' motion for confidential treatment (Docket No. 3) is **DENIED** as to their motion for an order declaring the privilege waived as to certain documents (Docket No. 4); their expedited non-dispositive motion to seal (Docket No. 7); and the Shriner Declaration (Docket No. 8), and **GRANTED** as to the memorandum of law in support of the Plaintiffs' expedited motion for an order declaring the privilege waived as to certain documents (Docket No. 5); the Klein Declaration (Docket No. 6); and the Nelson Declaration and attached exhibits (Docket No. 9).

Any party and any interested member of the public **MAY CHALLENGE** the secreting of the three documents and exhibits thereto.

**No later than April 30, 2011**, the Plaintiffs **MUST** file public versions of the documents designated as Docket Nos. 5, 6, and 9.

The Defendants must file their submissions in opposition to the Plaintiffs' motion seeking an order to declare the privilege waived **no later than May 9, 2011**.

The Plaintiffs must file any reply thereto **no later than May 13, 2011**.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2011.

                              **BY THE COURT**

                              *s/ Rudolph T. Randa*
                              **Hon. Rudolph T. Randa**
                              **U.S. District Judge**