# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MSP REAL ESTATE, INC.**
**and DEER CREEK HOMES,**

        **Plaintiffs,**

  v.                                     Case No. 11-C-281

**CITY OF NEW BERLIN**
**and JACK F. CHIOVATERO,**

        **Defendants.**

## DECISION AND ORDER

This matter is before the Court on the Defendants' motion to file under seal exhibit A to their brief in opposition to the Plaintiffs' motion declaring the attorney-client privilege waived as to certain documents. On April 25, 2011, the Defendants filed under seal the following documents: their brief in opposition to the Plaintiffs' motion declaring the attorney-client privilege waived as to certain documents, with attached exhibit A and a certificate of service; as well as the affidavits of Mark G. Blum ("Blum") and Kari Morgan ("Morgan").

The Defendants' motion to seal cites General Local Rule 79(d)(4) and asserts that good cause exists for sealing exhibit A because it is comprised of printed emails subject to the attorney-client privilege. The Defendants have established good cause for the sealing of the documents contained in exhibit A. However, they have not provided a redacted version of the documents.

As the Comment to General Local Rule 79(d) (E.D. Wis.) states:

> The motion to seal should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document. Counsel may, and in most circumstances should, submit a redacted version of the document, with a separate request to seal the portions containing confidential material.

*See also Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996). Thus, the Court will require that the Defendants file a redacted version of the documents comprising exhibit A. Furthermore, as required by the controlling case law of this Circuit, the Court's sealing order will include a provision stating that any party and any interested member of the public can challenge the secreting of particular documents. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

The Defendants' motion seeks only to seal exhibit A. However, they also filed under seal their brief in opposition to the Plaintiffs' motion declaring the attorney-client privilege waived as to certain documents, a certificate of service; and the Blum and Morgan affidavits. The brief, the certificate of service, and the affidavits are not mentioned in the motion to seal although they were sealed. They also do not contain any attorney-client information. Those documents must be unsealed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to seal (Docket No. 26) is **GRANTED**.

Any party and any interested member of the public **MAY CHALLENGE** the secreting of exhibit A to the Defendants' brief in opposition to the Plaintiffs' motion declaring the attorney-client privilege waived as to certain documents (Docket No. 23-1).

**No later than May 9, 2011**, the Defendants **MUST** file a public version of the Exhibit A to the documents designated as Docket No. 23.

The Clerk of Court is **DIRECTED TO UNSEAL** the Defendants' brief in opposition to the Plaintiffs' motion declaring the attorney-client privilege waived as to certain documents, the certificate of service, and the Blum and Morgan affidavits (Docket Nos. 23, 23-2, 24, and 25).

Dated at Milwaukee, Wisconsin this 3rd day of May, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa
U.S. District Judge**