UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MSP REAL ESTATE, INC.
and DEER CREEK HOMES,

        Plaintiffs,

v.                                                   Case No. 11-C-281

CITY OF NEW BERLIN
and JACK F. CHIOVATERO,

        Defendants,

and

UNITED STATES OF AMERICA,

        Movant.

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 11-C-608

CITY OF NEW BERLIN,

        Defendant.

# **DECISION AND ORDER**

The United States of America (the "United States") filed an expedited non-dispositive motion to consolidate the above captioned actions, pursuant to Fed. R. Civ. P. 42 and Civil Local Rule 7(h) (E.D. Wis.). The actions relate to alleged violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* with respect to a proposed housing development of 80 new multifamily housing units and 100 senior apartments to be developed and constructed by MSP Real Estate, Inc. ("MSP"), on the MSP City Center site in the City of New Berlin, Wisconsin ("New Berlin").

MSP and Deer Creek Homes are the Plaintiffs in *MSP v. New Berlin*, No. 11-C-281 (the "281 action") which they filed against the Defendants, New Berlin and its mayor, Jack Chiovatero ("Chiovatero"). The United States is the Plaintiff in *United States v. New Berlin*, No. 11-C-608 (the "608 action"), which it filed against the Defendant, New Berlin.

The Plaintiffs in the 281 action, which also includes alleged violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12311, *et seq.*, favor consolidation of the actions. In their brief, the Plaintiffs indicate that both cases arise out of the same law, the same core of operative facts, and are centered on the same interest.

The Defendants in both actions oppose consolidation, with identical briefs. They indicate that the preliminary injunction hearing was placed on the Court's calendar before the 608 action was filed, the issue has not yet been joined in the 608 action because New Berlin's answer or other responsive pleading is not due until August 22, 2011, a jury trial has been

demanded in the 608 action,[1] and that, on July 6, 2011, the United States filed its own preliminary injunction motion in the 608 action, consisting of more than 800 pages (counting the motion, brief and exhibits). The Defendants also suggest that, at the preliminary injunction hearing, the United States will call witnesses not previously named by the 281 action Plaintiffs.

Rule 42 empowers a district court to order the consolidation of "actions involving a common question of law or fact" that are "pending before the court." *United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987). The rule is designed to encourage consolidations where possible, and is committed to sound discretion of the trial judge. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

The purpose of joining actions is to promote convenience and judicial economy. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). The Court of Appeals for the Seventh Circuit has stated that "considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). However, a court should not consolidate actions where the issues affecting the various defendants are certain to lead to confusion or prejudice to any one or all defendants. *Knauer*, 149 F.2d at 520.

The Defendants' opposition does not address the relevant criteria for consolidation. The difference in the timing of the two actions is not materially different. The

---

[1] On July 1, 2011, New Berlin filed a demand for a jury trial in the 608 action.

281 action was filed March 21, 2011. The 608 action was filed on June 23, 2011. Furthermore, the assertion of the right to a jury trial in one action and not the other does not foreclose consolidation. *See BP Prods. N. Am. v. Bulk Petroleum*, Nos. 07-C-1085, 07-C-1090, 2008 WL 4066106, at *6 (citing *Truckstop.net, LLC. v. Sprint Corp.*, No. CV-05-138-S-BLW, 2006 WL 851129, at *2 (D. Idaho Mar. 30, 2006) (granting motion to consolidate two actions despite a jury waiver in one action and a proper demand in the other)).

The actions of New Berlin with respect to MSP's proposed housing development is the factual genesis of both lawsuits. Since both lawsuits are brought under the federal Fair Housing Act, they will present some common issues of law. Furthermore, the consolidation of the actions will prevent unnecessary duplication of effort in the two related cases. *See E.E.O.C. v. G-K-G*, 39 F.3d 740, 746 (7th Cir. 1994).

While the Defendants raise legitimate concerns regarding the additional witnesses that the United States may call at the preliminary injunction hearing and whether the two days allotted for the preliminary injunction hearing will be sufficient, discussions among all the parties may resolve those concerns. There are simple ways in which prejudice to the Defendants can be obviated without duplicative efforts by the parties and the Court.

Overall, the consolidation of these actions will streamline these proceedings and, thereby, be convenient for the parties and promote judicial efficiency. Therefore, the United States' motion for consolidation in the 281 action is granted. The United States' motion for consolidation in the 608 action is moot given the order for consolidation of the actions in the 281 action and is, therefore, denied.

4
Case 2:11-cv-00608-RTR   Filed 07/21/11   Page 4 of 5   Document 9

The parties are advised that Civil Local Rule 42(b) (E.D. Wis.) requires that "[a]fter two or more cases are consolidated, all papers relevant to the purposes for which consolidation was granted will be filed and docketed only in the lowest numbered of the consolidated cases."

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The United States' motion for consolidation in the 281 action (Docket No. 47) is **GRANTED**;

The United States' motion for consolidation in the 608 action (Docket No. 7) is moot given the order for consolidation in the 281 action, and is **DENIED**; and,

All subsequent papers relevant to these actions **MUST BE FILED AND DOCKETED ONLY IN THE 281 ACTION**.

Dated at Milwaukee, Wisconsin this 21st day of July, 2011.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        **Hon. Rudolph T. Randa**
        **U.S. District Judge**